STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
June 9, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JANET S. WALLS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0184** (BOR Appeal No. 2047342)
                    (Claim No. 2011016782)

**CHARLESTON AREA MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Janet S. Walls, by Samuel F. Hanna, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charleston Area Medical Center, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 25, 2013, in which the Board affirmed a May 24, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 1, 2010, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Walls, a dietary clerk, alleges she sustained an injury to her left shoulder in the course of her employment on September 24, 2010, while lifting and placing items on a cart. A treatment note from HealthPlus on the date of the alleged injury indicates Ms. Walls reported chest and left shoulder pain. It was noted that there was no specific injury. Ms. Walls was transferred from HealthPlus to Charleston Area Medical Center's emergency room. Charleston Area Medical Center's treatment note indicates Ms. Walls's pain began the night before and worsened over the next twenty-four hours. She was diagnosed with a possible rotator cuff tear.

1

An MRI taken on September 28, 2010, confirmed the diagnosis. It was noted on the report that there was no known injury.

Ms. Walls was treated by various physicians for her alleged injury. Christine Jones, M.D., indicated on October 5, 2010, that the injury occurred in the course of Ms. Walls's employment. David Soulsby, M.D., stated in a November of 2011 treatment note that Ms. Walls injured her shoulder two months prior while doing some overhead lifting. He did not mention that the injury was work-related. John Pierson, M.D., operated on Ms. Walls's torn rotator cuff. He noted that she sustained the injury in the course of her employment while lifting a heavy tray. He stated in a May 11, 2011, letter that he had no reason to believe that the injury was not work-related because the symptoms were consistent with the history.

Several affidavits were submitted into evidence. Dewayne Kirkpatrick, the MRI technologist who performed Ms. Walls's September 28, 2010, MRI, stated that she reported to him that there was no known injury. Sheila Danzer, a colleague of Ms. Walls, stated that she spoke with Ms. Walls on October 18, 2010, regarding an unrelated claim. At that time, Ms. Walls stated that she was off of work for a non-related claim and that she believed she injured her shoulder lifting groceries. Lastly, Stacy Smith, Ms. Walls's supervisor, stated in an affidavit that she spoke with Ms. Walls on the date of the alleged injury. Ms. Walls reported chest and left arm pain at that time but did not report a work-related injury.

Ms. Walls testified in a deposition on March 8, 2012, that she injured her shoulder lifting a heavy tray over her head onto a cart. The pain progressively worsened over the following hours, so she reported it to her supervisors, Carol Porter and Stacy Smith. She testified that she reported her shoulder injury at Charleston Area Medical Center on the date that it happened. She stated that she did not recall reporting to either HealthPlus or Charleston Area Medical Center that the pain began the previous day. She disagreed with the affidavits of Mr. Kirkpatrick, Ms. Danzer, and Ms. Smith.

The claims administrator rejected the claim on December 1, 2010. The Office of Judges affirmed the decision in its May 24, 2012, Order. It found that the weight of the medical evidence did not support Ms. Walls's testimony that she was injured in the course of her employment. Treatment notes from HealthPlus state that the pain started the day before the injury. The report also indicates that she reported no known injury. Medical records from Charleston Area Medical Center also noted that the chest and left arm pain began the night before. There was no mention of a work-related injury. The evidence of record was also found to establish that Ms. Walls reported no known injury to the MRI technician. Finally, Ms. Walls testified that she reported the injury to her supervisors on the date of the alleged injury but both supervisors stated that she made no mention of a work-related injury.

The Office of Judges found that Dr. Pierson opined in a May of 2011 letter that he had no reason to believe Ms. Walls's injury was not work-related. The Office of Judges determined that he was merely reciting what she reported to him. It was also determined that Dr. Jones's October 6, 2010, report indicates Ms. Walls experienced arm pain at work but failed to specifically state that the pain was the result of a work-related injury. The medical reports from the date of injury

were determined to be the most persuasive evidence of record. The Office of Judges ultimately held that the preponderance of the evidence indicates Ms. Walls did not sustain an injury in the course of her employment.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its January 25, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates Ms. Walls did not sustain a compensable left shoulder injury in the course of her employment on September 24, 2010.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 9, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II